UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEOR EXPLORATION &
PRODUCTION LLC, *et al.*,

          Plaintiffs,

v.

GUMA AGUIAR,

          Defendant.
_____/

CASE NO. 09-60136-CIV-SEITZ/O'SULLIVAN

GUMA AGUIAR,

          Plaintiff,

v.

WILLIAM NATBONY, ET AL.,

          Defendants.
_____/

CASE NO. 09-60683-CIV-SEITZ/O'SULLIVAN

## AGREED PROTECTIVE ORDER
## GOVERNING CONFIDENTIALITY AND PRIVILEGE

Upon stipulation of all the parties for a Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby **ORDERED** that:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

2. Electronically Stored Information ("ESI") is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the *Federal Rules of Civil Procedure*.

3.  "Material" means information in written, oral, graphic/pictorial, audiovisual, digital, electronic, or other form, whether it be ESI, a Document, information contained in a Document, Document metadata, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise Disclosed and/or any copies or reproductions, excerpts, summaries or other ESI, documents or media that excerpt, contain, or otherwise reveal the substance of such information.

4.  "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be ESI, document metadata, a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to the information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be classified.

5.  "Qualified Persons," as used herein means:

    (a)  Attorneys of record for the parties in this litigation and any co-counsel in any related actions including: *Guma Aguiar v. Pardus Petroleum LP, Pardus Petroleum LLC and William Natbony, in his capacity as Trustee of the Dafna Kaplan 2003 Eight-Year Grantor Retained Annuity Trust and Thomas Kaplan 2004 Ten-Year Grantor Retained Annuity Trust* Case No. 08-12-18280CV (Tex. 82nd Dist.); *Leor Exploration & Production LLC, and Leor Energy L.P. v. Angelika Aguiar and Justin Corey Drew* Case No. 09014890 – 02 (Fla. Cir. Ct. 17th Jud. Cir.); *Thomas Kaplan v. Guma Aguiar and The Lillian Jean Kaplan Foundation, Inc.*, Case No. 09-001509 (Fla. Cir. Ct., 17th Jud. Cir); *Guma Aguiar v. William Natbony, Thomas Kaplan, and Katten Muchin Rosenman, LLP* Case No. 09-60683 (S.D. Fla.) and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    (b)  Actual or potential independent technical experts or consultants who have signed a document agreeing to be bound by the terms of this Agreed Protective Order;

(c)  The party, or his, her, or its agent or representative, who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document agreeing to be bound by the terms of this Agreed Protective Order;

(d)  Any witness or potential witness who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person who shall sign a document agreeing to be bound by the terms of this Agreed Protective Order; and

(e)  If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties.

6.  Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

To the extent that ESI is produced in electronic form, the producing party may designate such material as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by cover letter referring generally to such matter and by affixing (where possible) a label on the ESI, its storage media, or casing indicating such designation.

5.  Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. Unless otherwise designated, all deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" and/or "For Counsel" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6.   (a)   "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) above.

(b)   Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons in paragraph 3(b) above, shall be maintained only at the offices of such Qualified Person and only working copies shall be

made of any such documents. Copies of documents produced under this Agreed Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

(c) Each party's outside counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents which are delivered to any one or more Qualified Persons of paragraph 3 above.

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

8. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

9.  A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Agreed Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Agreed Protective Order.

10.  Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "Attorneys' Eyes Only" information if it is information that either:

(a)  is in the public domain at the time of disclosure, as evidenced by a written document;

    (b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

    (c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

    (d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court pursuant to Local Rule 5.4.

12. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action.

13. Rule 26(b)(5) of the *Federal Rules of Civil Procedure*, Local Rule 26.1(G)(d) of the *Local Rules for the Southern District of Florida*, and Rule 502 of the *Federal Rules of Evidence* shall govern any inadvertent production of documents produced in response to discovery requests in this Action by any Party that claims Material should have been withheld on the grounds of a privilege, including the work product doctrine (collectively referred to as "Inadvertently Produced Privileged Material"). The high volume of ESI that the Parties anticipate will be involved in this case, and the limitations and expenses of current search and review technologies, makes probable the inadvertent production of at least some privileged and protected Materials in this Action, despite good faith efforts to search and cull the Materials so as

to exclude privileged and protected materials. The Court hereby holds and orders in accordance with Rule 502(d) of the *Federal Rules of Evidence*, that the privileges and protections related to any Inadvertently Produced Privileged Material are not waived by a disclosure connected with the Action, and that such disclosure shall not be a waiver in any other federal or state proceeding.

In connection with any motion presented to the Court pursuant to Rule 26(b)(5) of the *Federal Rules of Civil Procedure* or similar motion, the Receiving Party may not assert that: (a) the fact of the allegedly inadvertent production alone constitutes a waiver of an applicable privilege; (b) the Producing Party did not take reasonable steps to prevent inadvertent disclosure within the meaning of Rule 502(b)(2) of the *Federal Rules of Evidence*; or (c) notice by the Producing Party to the Receiving Party of Inadvertently Produced Privileged Material within five business days of the Producing Party's Attorney of Record in this Action gaining actual knowledge of such an error does not constitute promptly taking reasonable steps to rectify the error within the meaning of Rule 502(b)(3) of the *Federal Rules of Evidence*. "However, a Party shall not be precluded from asserting that the production of allegedly Inadvertently Produced Privileged Material was not inadvertent on grounds not stated in this paragraph."

14. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Order.

15. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any of the persons qualified under paragraphs 3(a) through (e) shall be returned to the producing party or the producing party, in its discretion, may agree to have opposing counsel destroy the documents and submit a certificate of destruction to the producing party, except as

this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and (b) a party may seek either the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

16. This Agreed Protective Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Agreed Protective Order.

17. This Order shall survive the termination of the Action and shall continue in full force and effect until otherwise ordered by the Court. The Court shall retain jurisdiction to enforce or modify this Order.

DONE AND ORDERED in Miami, Miami-Dade County, Florida this 18 day of June, 2009.

~~PATRICK A. SEITZ~~ JOHN J. O'SULLIVAN
UNITED STATES ~~DISTRICT~~ JUDGE
Magistrate

Copies furnished to counsel of record

{WP595756;3}