UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEOR EXPLORATION &
PRODUCTION, LLC, *et al.*,

      CASE NO. 09-60136-CIV-SEITZ/O'SULLIVAN

  Plaintiffs,

v.

GUMA AGUIAR,

  Defendant.
_____/

GUMA AGUIAR,

      CASE NO. 09-60683-CIV-SEITZ/O'SULLIVAN

  Plaintiff,

v.

WILLIAM NATBONY, *et al.*,

  Defendants.
_____/

## ORDER DENYING MOTION FOR ACCESS AND FOR HEARING

 THIS MATTER is before the on Aguiar's Motion for Access to *Ex Parte* Documents and Hearing [DE-413 in Case No. 09-60136 & DE-289 in Case No. 09-60683], in which Aguiar seeks access to documents submitted to the Court *ex parte* and seeks a hearing in order for the Court to hear live testimony from Aguiar's psychiatric expert, Dr. Kenneth Duckworth. This matter arises from a family and business dispute between Aguiar and his uncle, Thomas Kaplan. During the course of the litigation the Leor Parties,[1] learned that someone had hacked into Thomas Kaplan's email account and accessed attorney-client privileged communications,

---

[1] The Leor Parties refers to the Plaintiffs in case no. 09-60136 and the Defendants in case no. 09-60683 and includes Thomas Kaplan.

relevant to these actions. As a result, the Leor Parties filed a Motion for Sanctions and a Motion for Contempt. The motions were referred to Magistrate Judge O'Sullivan, who scheduled an evidentiary hearing on the motions. The instant motions both arise as a result of rulings related to the evidentiary hearing. Because Aguiar's access to the *ex parte* documents is not necessary in order for him to defend against the motions for sanctions and contempt, the Motion for Access is denied and because the Court does not need to hear Dr. Duckworth's testimony live, the Motion for Hearing is denied.

**The Motion for Access to *Ex Parte* Documents is Denied**

Prior to the evidentiary hearing, Aguiar sought access to the attorney-client privileged communications that had been in Kaplan's email. Based on the Eleventh Circuit decision in *Eagle Hospital Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298 (11th Cir. 2009), the Magistrate denied the motion for access finding that the Leor Parties were prejudiced because Aguiar had access to privileged materials. *See* Transcript of Hearing on Guma Aguiar's Motion to Allow Access to Filed Documents [DE-343] at 56:3-8. The Magistrate also found that the "taint team" proposed by Aguiar was "unheard of in civil litigation." *Id.* at 57:10-14. Thus, the Magistrate found that there was no need for Aguiar to have access to the privileged documents.

Now that the Magistrate has issued his Report and Recommendation as to the Motions for Sanctions and Contempt, Aguiar has filed the instant motion for access to the privileged communications. The Motion for Access, without citation to a single legal authority, argues that Aguiar must have access to the privileged communications because they are being used against him and, without review, he has no way to determine whether the "materials actually matter." In response, the Leor Parties argue that (1) the Motion constitutes an untimely objection to

2

Magistrate Judge O'Sullivan's original order denying access and (2) prejudice is established by Aguiar having access to the privileged materials, regardless of the details contained in the privileged materials.

Regardless of whether Aguiar's Motion for Access is timely, it is not well taken. Contrary to Aguiar's implications, the Leor Parties do not have to establish how Aguiar's access to each individual communication prejudiced them. In fact, the district court in *Eagle Hospital* noted that "there is no requirement that Plaintiff demonstrate it has been prejudiced before sanctions can be imposed." *Eagle Hospital Physicians, LLC v. SRG Consulting, Inc.*, 2007 WL 2479290, *6, (N.D. Ga. 2007) *aff'd Eagle Hospital Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298 (11th Cir. 2009). Furthermore, the Eleventh Circuit upheld the trial court's imposition of sanctions in the *Eagle Hospital* case based on the fact that the defendant had access to privileged materials, had engaged in extensive and disruptive surveillance of privileged communications, and possibly continued to have access to privileged communications. *Eagle Hospital*, 561 F.3d at 1306. The Eleventh Circuit's opinion did not consider the specific content of the privileged materials to which the defendant gained access, just that they were privileged. Thus, it is not the specific content of the privileged communications that matter but whether and how a party has gained access to those communications. Therefore, the specific content of the hacked Kaplan emails is not relevant to determining whether sanctions should be imposed or whether Aguiar is in contempt. Consequently, the Motion for Access is denied.

**The Motion for Hearing is Denied**

In addition, Aguiar seeks a hearing at which the Court can hear live testimony from Dr. Duckworth. Aguiar argues that Dr. Duckworth's testimony is critical to whether the Leor Parties

3

have met their burden on their Motion for Sanctions and Motion for Contempt. Dr. Duckworth testified live at the evidentiary hearings held by Magistrate Judge O'Sullivan. The Court has access to the transcripts of those hearings. The Court also has access to any exhibits admitted during the evidentiary hearing. Consequently, the Court finds no need to hear live testimony from Dr. Duckworth.

Upon consideration, it is hereby

ORDERED that Aguiar's Motion for Access to *Ex Parte* Documents and Hearing [DE-413 in Case No. 09-60136 & DE-289 in Case No. 09-60683] is DENIED.

DONE and ORDERED in Miami, Florida, this 7th day of September, 2010.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record