UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEOR EXPLORATION &
PRODUCTION, LLC, *et al.*,

        Plaintiffs,

v.

GUMA AGUIAR,

        Defendant.
_____/

CASE NO. 09-60136-CIV-SEITZ/SIMONTON

GUMA AGUIAR,

        Plaintiff,

v.

WILLIAM NATBONY, *et al.*,

        Defendants.
_____/

CASE NO. 09-60683-CIV-SEITZ/SIMONTON

## ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Guma Aguiar's Rule 60(b) Motion for Reconsideration of the Order Adopting Magistrate's Recommended Sanctions [DE-500 in case no. 09-60136 and DE-331 in case no. 09-60683[1]]. Aguiar seeks reconsideration of the Court's Order which adopted in part the Magistrate's Report and Recommendation and granted the Leor

---

[1] Aguiar's motion in case no. 09-60683 incorporates by reference his motion in case no. 09-60136 and then briefly addresses potential jurisdictional issues regarding case no. 09-60683. Thus, the substance of the motions is identical. Furthermore, the opposition simply adopted their responses in case no. 09-60136. Accordingly, the Court will not differentiate between the motions, or responses, filed in the two cases.

Parties'[2] Motion for Sanctions Against Guma Aguiar [DE-135 in case no. 09-60136 and DE-51 in case no. 09-60683] and the Leor Parties' Corrected Motion to Hold Guma Aguiar in Contempt [DE-228 in case no 09-60136 and DE-126 in case no. 09-60683] (the Sanctions Order). Aguiar raises three bases for reconsideration:[3] (1) the Leor Parties have purposefully misled this Court and other courts in a deliberate effort to publicly destroy Aguiar; (2) six weeks after the Court issued its Sanctions Order, the Leor Parties published the privileged emails that were at the heart of the Sanctions Order; and (3) the Leor Parties' post-sanctions Motion for Final Default Judgment [DE-426 in case no. 09-60136] seeks $216 million in damages thus demonstrating that the sanctions were disproportional. Because the interests of justice require the Court to reconsider the Sanctions Order, Aguiar's motion is granted in part.

## I. Introduction

This case arises from the disintegration of a family and business relationship between Thomas Kaplan, one of the Leor Parties, and his nephew, Guma Aguiar. Very briefly, Kaplan founded Leor Exploration & Production, LLC (Leor) and installed Aguiar as its Chief Executive Officer. Leor ultimately sold nearly all of its assets to EnCana Oil & Gas, Inc. (EnCana) for

---

[2]The Leor Parties are the Plaintiffs in case no. 09-60136, Leor Exploration & Production, LLC, Pardus Petroleum, LP, Pardus Petroleum, LLC, and William Natbony, and the Defendants in case no. 09-60683, William Natbony, Thomas Kaplan, Katten Muchin Rosenman, LLP, and Pardus Petroleum, LP.

[3]While the motion does not state that Aguiar's mental condition should be a basis for reconsideration, several paragraphs are devoted to arguing that the Court applied the wrong standard or misunderstood testimony from Aguiar's psychiatric expert. However, these are arguments previously made and rejected and are, therefore, not appropriate issues for reconsideration. *See Wilchombe* v. *Teevee Toons, Inc.,* 555 F.3d 949, 957 (11th Cir. 2009) (stating that a "motion for reconsideration cannot be used to re-litigate old matters"). Therefore, the Court will not address the issues regarding Aguiar's mental health raised in the motion.

$2.55 billion. Thereafter, disputes arose between Aguiar and Kaplan over how much money Aguiar was owed after the asset sale and how Aguiar managed Leor before and after the asset sale. The disputes have also turned personal. As a result, numerous lawsuits have ensued, including, but not limited to, these two cases,[4] a lawsuit in Texas state court, a lawsuit in Broward County court, and a suit by Aguiar's mother against Thomas Kaplan and others, which has recently been transferred from the Southern District of New York to this district.

In the two instant cases, problems arose soon after the cases were filed. The Leor Parties began complaining of improper intimidation of potential witnesses by Aguiar. In early September 2009, additional problems arose when Kaplan learned that someone had hacked into, or gained unauthorized access to, his main email account, which contained over 45,000 emails. The hacker gained access to, among other things, numerous attorney-client privileged communications concerning this case and the other disputes between Aguiar and Kaplan. Believing that Aguiar, or someone acting under his direction, was responsible for the hacking, on October 1, 2009, the Leor Parties filed their Motion for Sanctions Against Guma Aguiar and for Expedited Evidentiary Hearing [DE-135 in case no. 09-60136 and DE-51 in case no. 09-60683]. The Magistrate Judge held evidentiary hearings on the Motion for Sanctions on October 23 and 24, 2009 and on December 4, 2009. The evidentiary hearings in June 2010 addressed both the Motion for Sanctions and the Motion to Hold Guma Aguiar in Contempt for failure to comply with orders to avoid contact with Kaplan and his family and to prevent witness tampering or intimidation.

---

[4]Case no. 09-60136 was filed on January 1, 2009. Case no. 09-60683 was filed on March 26, 2009 in state court and was removed to this Court on May 11, 2009.

After completion of the evidentiary hearings in June 2010, the Magistrate Judge issued his Report and Recommendation. Finding that Aguiar was responsible for the hacking, the Magistrate Judge concluded that Aguiar had acted in bad faith and recommended that Aguiar's pleadings in both cases be stricken as sanctions for the hacking. The Report also concluded that Aguiar had violated the Court's witness tampering orders and that striking Aguiar's pleadings was also a sufficient sanction for Aguiar's contempt. However, the Magistrate Judge also recommended that the Leor Parties' Motion to Hold Guma Aguiar in Contempt be denied in part because he did not recommend that the Leor Parties be awarded their attorneys' fees and costs. This Court adopted the Magistrate Judge's Report in part and imposed the recommended sanctions, striking Aguiar's pleadings in both cases.

## II. Discussion

Aguiar moves for reconsideration pursuant to Federal Rules of Civil Procedure 60(b)(2), (3), and (6) which state:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> * * *
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> * * *
> (6) any other reason that justifies relief.

A motion for reconsideration made pursuant to Rule 60(b)(6) "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Johnson v. Ocwen Loan Servicing*, 2010 WL 892851, *6 (11th Cir. 2010) (internal quotations omitted); *see also Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla.. 2002) (stating that

reconsideration of an order "is an extraordinary remedy to be employed sparingly"). Thus, "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court ... already thought through-rightly or wrongly" *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted and brackets omitted). Accordingly, a "motion for reconsideration cannot be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of the [challenged order]." *Wilchombe* v. *Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted). As set forth below, Aguiar has not presented any evidence or arguments that would warrant the extraordinary relief of reconsideration.

    A. *Reconsideration is Not Warranted Under Rule 60(b)(2)*

        1. *Disclosure of the Privileged Emails Does Not Warrant Reconsideration*

Aguiar argues that newly discovered evidence supports his request for reconsideration. Specifically, Aguiar argues that, after the Court issued its Sanctions Order, the Leor Parties purposefully published the privileged emails that were at the heart of the Sanctions Order. Thus, according to Aguiar, the Leor Parties have waived the privilege and Aguiar should now be able to analyze the emails and argue why his hacking of the emails did not prejudice the Leor Parties. The Leor Parties respond that the disclosure of the privileged emails was inadvertent and, thus, did not waive the privilege. Furthermore, the disclosure of the emails does not change the sanctionable conduct – the hacking of the emails and Aguiar's violation of the witness tampering order.

Both parties have extensively briefed the issue of whether the disclosure of the emails waived the privilege. However, this Court need not address that issue.[5] Regardless of whether the Leor Parties intentionally or inadvertently disclosed the privileged emails, the fact remains that Aguiar hacked into Kaplan's email. As this Court stated in its Sanctions Order and its Order Denying Motion for Access and for Hearing [DE-422 in case no. 09-60136]:

> it is not the specific content of the privileged communications that matter but whether and how a party has gained access to those communications. Therefore, the specific content of the hacked Kaplan emails is not relevant to determining whether sanctions should be imposed or whether Aguiar is in contempt." See Eagle Hospital Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009) (upholding the trial court's imposition of sanctions based on the fact that the defendant had access to privileged materials, had engaged in extensive and disruptive surveillance of privileged communications, and possibly continued to have access to privileged communications).

DE-423 at 15. Furthermore, even if the Leor Parties chose to waive the privilege after entry of the Sanctions Order, it was theirs to waive, not Aguiar's. The recent disclosure of some of the privileged emails does not change any of this. Consequently, the disclosure of the emails is not "newly discovered evidence" relevant to the Court's prior analysis in the Sanctions Order.

### 2. The Kaplan and Natbony Depositions Do Not Warrant Reconsideration

Aguiar seeks reconsideration based on testimony given by Kaplan and Natbony, two of the Leor Parties, in another case.[6] Aguiar argues that this testimony supports the unclean hands defense he raised in opposition to the sanctions. In the Sanctions Order, the Court found that the evidence did not establish that Kaplan filed the suits against Aguiar simply to goad him. Aguiar

---

[5]The issue of waiver is presently before Judge Zloch in case no. 11-61314, *Ellen Aguiar v. William Natbony,* the case in which the actual disclosure occurred.

[6]The case is *Leor Exploration & Production, LLC, et al., v. Angelika Aguiar, et al.,* Case No. 09-014890 CACE (02). The case is filed in the Seventeenth Judicial Circuit in Broward County, Florida.

asserts that this later given testimony shows otherwise. However, even if the testimony establishes that Kaplan pursued this suit and others simply to goad and harass Aguiar, that would not be sufficient to support Aguiar's unclean hands defense. As the Sanctions Order noted:

> Aguiar . . . failed to establish that Kaplan's allegedly wrongful conduct is directly related to Aguiar's hacking. *See Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993) (stating that for "a defendant to successfully avail itself of the doctrine of unclean hands, . . . the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted"). Therefore, even if the Magistrate Judge had found that Kaplan had tried to goad Aguiar, Aguiar's defense would fail because Aguiar did not demonstrate that Kaplan's lawsuits are responsible for Aguiar's hacking.[7]

DE-423 at 14 (footnote in original). Thus, regardless of the content of the depositions, Aguiar's defense would fail. Consequently, reconsideration based on Kaplan's and Natbony's depositions is not warranted.

### B. Reconsideration is Not Warranted Under Rule 60(b)(3)

Aguiar argues that the Court should reconsider its Sanctions Order based on Kaplan's fraud, misrepresentation or misconduct, pursuant to Rule 60(b)(3). At the October 23, 2009 evidentiary hearing, Kaplan testified that he had no knowledge of any surveillance being conducted by Dar[8] and his counsel represented to the Court at the November 10, 2009 telephonic hearing that there were no communications between Dar and Kaplan. Subsequent discovery established that Kaplan was in contact with Dar about surveillance of Aguiar and his family.

---

[7]Aguiar does not object to the Magistrate Judge's finding that Aguiar has not shown a direct relation between Kaplan's filing of the lawsuits and Aguiar's unauthorized access to Kaplan's email. Furthermore, if Aguiar were to argue that the lawsuits are what led to the hacking he would be tacitly admitting that: (1) he hacked Kaplan's email account and (2) he did so because of the lawsuits, not because of security concerns.

[8]Itzhak "Dutsi" Dar was Kaplan's Chief of Security.

Aguiar acknowledges that both the Magistrate Judge and this Court were aware of this information at the time of the Report and Recommendation and the Sanctions Order. However, Aguiar argues that the Court should still reconsider the Sanctions Order based on this previously known, and considered, evidence.

Aguiar has failed to show how Kaplan's inconsistent testimony clearly establishes a fraud on the court, such as to justify reconsideration of the Court's Sanctions Order. The Court previously considered Kaplan's inconsistent testimony and found that, even if Kaplan perjured himself at the evidentiary hearing before the Magistrate Judge, Aguiar has not shown how that testimony had anything to do with Aguiar's hacking and witness tampering. Thus, Aguiar has not established that he was prevented from fully and fairly presenting his case or defense during the sanctions hearings. *See Kissinger-Campbell v. C. Randall Harrell, M.D., P.A.*, 418 Fed. App'x 797, 805 (11th Cir. 2011) (stating that to prevail on a Rul 60(b)(3) motion the "conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense"). Consequently, Aguiar is not entitled to reconsideration pursuant to Rule 60(b)(3).

### B. Reconsideration is Warranted Pursuant to Rule 60(b)(6)

#### 1. The Leor Parties' Conduct Does Not Warrant Reconsideration

Aguiar asserts that the evidence that has emerged in other cases[9] establish that Kaplan and Natbony made a concerted effort to prevent Aguiar from further challenging the distribution of

---

[9]The other cases include *Leor Exploration & Production, LLC, et al., v. Angelika Aguiar, et al.*, Case No. 09-014890 CACE (02), filed in the Seventeenth Judicial Circuit in Broward County, Florida and *Ellen Aguiar v. William Natbony, et al.*, originally filed in the Southern District of New York and now pending in this district before Judge Zloch.

the $2.5 billion from the Leor asset sale. According to Aguiar, the evidence shows a campaign of harassment and intimidation directed towards him. Aguiar argues that Kaplan and Natbony's actions, along with Aguiar's fragile mental state, explain Aguiar's actions. None of these arguments support reconsideration. First, while Aguiar argues that there is new evidence that Kaplan and Natbony made a concerted effort to harass and intimidate Aguiar, Aguiar previously argued that Kaplan and Natbony made a concerted effort to harass and intimidate him. The Court previously rejected this argument and found that there was no evidence that Kaplan's and Natbony's actions were responsible for Aguiar's actions. Once again, Aguiar, relying on the testimony of Dr. Duckworth, argues that Kaplan's and Natbony's actions were one of the causes of Aguiar's mental state and the reason for his hacking. However, as the Court previously noted, because Aguiar invoked his Fifth Amendment right and Dr. Duckworth was prohibited from any type of inquiry relating to the hacking, there is no way to know Aguiar's true motivation for the hacking. Dr. Duckworth's opinion regarding Aguiar's motivation is nothing more than speculation.

Furthermore, Aguiar has not actually admitted that he hacked into Kaplan's emails. Thus, it is not clear for which of Aguiar's actions Aguiar claims Kaplan and Natbony are responsible. It is also not clear how Kaplan's and Natbony's actions led Aguiar to threaten potential witnesses. Thus, Aguiar has not shown how Kaplan's and Natbony's actions led Aguiar to take the actions that he took. Consequently, Aguiar is not entitled to reconsideration based on newly discovered evidence regarding Kaplan's and Natbony's actions.

*2. The Leor Parties' Requested Damages Warrant Reconsideration*

Aguiar argues that reconsideration is warranted because otherwise manifest injustice and extreme hardship will result. Aguiar asserts that the sanctions were disproportionate because they struck Aguiar's billion dollar claim and will result in the entry of a $216,321,347 judgment in favor of the Leor Parties. Although, Aguiar ignores the fact that simply seeking $216 million in damages does not mean that the Leor Parties are actually entitled to that amount, the Court agrees that under the circumstances setting aside Aguiar's default in this case is appropriate.

This Court has previously noted that "a court should keep in mind that the law strongly disfavors default judgments, preferring the resolution of genuine disputes on the merits, and thus, should consider whether the defendant has a meritorious defense and whether extraordinary circumstances exist." *Saperstein v. Palestinian Authority*, 2008 WL 4467535, *11 (S.D. Fla. Sept. 29, 2008) (citing *Jackson v. People's Republic of China*, 794 F.2 1490, 1496 (11th Cir. 1986)). Aguiar has raised several potentially meritorious defenses in his papers, including arguing that evidence shows that several of the Leor Parties' claims are without merit. Further, in *Saperstein*, this Court also noted that a court can consider whether a defendant will suffer a substantial loss as a result of a default judgment. Clearly, the damages sought by the Leor Parties, over $216 million, would amount to a substantial loss to Aguiar. Thus, the circumstances of this case merit the extraordinary relief of reconsideration.

While the Court finds that reconsideration is merited, it does not find that all sanctions should be vacated. The fact remains that Aguiar hacked Kaplan's email account, which contained numerous attorney-client privileged communications, and that Aguiar violated the Court's order prohibiting Aguiar from harassing or intimidating witnesses. Under these

circumstances, the Court finds that appropriate sanctions against Aguiar are striking his claims in case no. 09-60683, dismissing those claims with prejudice, and prohibiting Aguiar from filing a counterclaim in this suit. However, Aguiar may defend against the Leor Parties' claims in this matter. Accordingly, it is hereby

ORDERED that:

1. Guma Aguiar's Rule 60(b) Motion for Reconsideration of the Order Adopting Magistrate's Recommended Sanctions [DE-500 in case no. 09-60136 and DE-331 in case no. 09-60683] is GRANTED in part and DENIED in part:

    a) Aguiar's Answer and Defenses in Case No. 09-60136 are reinstated. By **October 14, 2011**, the parties shall file a revised Joint Scheduling Report in Case No. 09-60136.

    b) Aguiar's claims in Case No. 09-60683 remain STRICKEN and are DISMISSED with prejudice. Case No. 09-60683 remains CLOSED.

    c) Aguiar is prohibited from filing a counterclaim in Case No. 09-60136.

2. Defendant, Guma Aguiar's Motion for Evidentiary Hearing and Discovery or Alternatively Motion to Hold Matter in Abeyance Pending Resolution of Evidentiary Issues [DE-501 in case no 09-60136] is DENIED as moot.

3. Plaintiffs' Motion for Final Judgment [DE-426 in case no 09-60136] is DENIED as moot.

4. Defendant's Motion for Leave to File Deposition Transcripts in Support of Defendant's Response to Plaintiffs' Motion for Final Judgment [DE-449 in case no 09-60136] is DENIED as moot.

5. Defendant's Motion to Exclude Affidavit and Opinions of Plaintiffs' Proposed Expert, Richard A. Pollack [DE-456 in case no 09-60136] is DENIED as moot.

6. Defendant's Motion for Evidentiary Hearing [DE-473 in case no 09-60136] is DENIED as moot.

DONE and ORDERED in Miami, Florida, this 15th day of September, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record