UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60136-CIV SEITZ/SIMONTON

LEOR EXPLORATION &
PRODUCTION, LLC, et al.,

    Plaintiffs,
v.

GUMA AGUIAR,

    Defendant.
_____/

### ORDER ON DEFENDANT'S OBJECTIONS TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION

This matter came before the Court on an informal discovery conference held before the undersigned United States Magistrate Judge on March 30, 2012 (DE # 554). The Honorable Patricia A. Seitz, United States District Judge, has referred all discovery in this case to the undersigned (DE # 520). At the hearing, the undersigned ruled on Defendant's objections to certain requests contained in Plaintiffs' Second Request for Production ("RFP"), stating the reasons for the rulings on the record.[1] This Order sets forth these rulings and incorporates by reference the reasons for them.

At the outset, the undersigned notes that, generally, given the breadth of Plaintiffs' allegations contained in the Second Amended Complaint, which allege that Defendant Aguiar did not fully devote his time and resources to Plaintiff Leor Exploration & Production, LLC ("Leor"), and misused Leor's resources, the discovery requests at issue are appropriate because they seek documents concerning Aguiar's use of his time and resources (and those of Leor) during the relevant time period. Specifically, the

---

[1] Defendant also noticed this discovery conference to address Plaintiffs' objections to Defendant's First Request for Production. As discussed below, Plaintiffs' objections were only addressed to a limited extent, and an additional discovery conference was set for Tuesday, April 3, 2012, to address Plaintiffs' objections further.

undersigned ruled on the following ten items as numbered in Plaintiffs' Second Request for Production, ordering responses from Defendant, as described below, on or before Monday, April 16, 2012.

### RFP Nos. 1, 28, 33 and 34 – Real Estate Transactions

These requests seek documents relating to certain real estate transactions with which Defendant Aguiar, an Aguiar-Related Entity (as this term is defined in the RFP), or Aguiar's brother-in-law, Corey Drew, were involved. Request Nos. 1, 33 and 34 concern real estate in Israel, while No. 28 seeks certain real estate information that is not limited to Israel. Defendant objects that these requests are not relevant or, at best, are premature, as they appear to be efforts to locate property upon which to execute a judgment, which has not yet been entered in this case. For the reasons stated at the conference, Defendant's objections are overruled. The relevant documents, however, are limited to the time period from January 2002 through December 2008. Moreover, Plaintiffs stated at the discovery conference that they are withdrawing any request for real estate title documents in regard to these RFP items. Finally, with respect to RFP No. 28, Defendant's response shall be provided in the form of an answer to interrogatory, which shall identify with respect to each real estate transaction (a) the address of the real estate, (b) the date of the transaction, (c) the purchase price, and (d) the role served by Aguiar in the transaction.

### RFP Nos. 26 and 27 – Credit Card Documents

These requests seek credit card statements for credits cards held or used by Aguiar, an Aguiar-Related Entity or an employee thereof. Defendant objects to these requests, arguing that they seek irrelevant information. Defendant also objects based upon undue burden. For the reasons stated at the conference, Defendant's objections are overruled. Specifically with respect to burden, the undersigned notes that, as a

threshold matter, Defendant is unable to identify how many credit cards are at issue, or provide specific information to establish the claimed undue burden.  The statements to be produced, however, shall be limited to those relevant to transactions occurring from January 2002 through December 2008.  Moreover, Defendant shall not be required to produce any statements for any credit card for which Plaintiffs also receive statements.

### RFP Nos. 29 and 30 – Travel Records

These requests seek documents reflecting the travel of Defendant Aguiar and Corey Drew.  Defendant objects based on relevancy.  For the reasons stated at the conference, Defendant's objection is overruled.  Defendant, however, shall not be required to produce all travel documents.  Instead, Defendant shall produce documents that evidence all travel identified by the requests.  As stated at the conference, the relevant time period with respect to Defendant Aguiar (No. 29) is January 2002 through December 2008.  With respect to Mr. Drew (No. 30), the relevant time period is January 2006 through December 2008.

### RFP No. 32 – Telephone Records

This request seeks telephone records for telephone numbers for Defendant Aguiar, any Aguiar-Related Entity, or for numbers issued by any Aguiar-Related Entity to its employees.  Defendant objects based on relevancy.  For the reasons stated at the conference, Defendant's objection is overruled.  Defendant, however, shall not be required to produce phone records for numbers issued to Leor or other Plaintiffs, or those records otherwise in the possession of Plaintiffs.  Furthermore, the relevant time period is limited to January 2002 through December 2008.

### RFP No. 38 – Drug Use[2]

This requests seeks documents relating to Aguiar's use of illegal drugs, controlled substances or steroids. Defendant objects that this request is overbroad. For the reasons stated at the conference, Defendant's objection is overruled. Defendant shall produce documents responsive to this request for the time period from January 2002 to December 2008.

### Plaintiffs' Objections to Defendant's First Request for Production

As noted above, the undersigned addressed at the conference, to a limited extent, Plaintiffs' Objections to Defendant's First Request for Production. Specifically, Plaintiffs state that several of their objections to Defendant's RFP were based upon their position that, in light of the Order Denying in Part and Granting in Part Motion for Reconsideration (DE # 511), Defendant was prohibited from asserting in this case, in defense of Plaintiffs' claims or otherwise, certain defenses that are substantively similar to Aguiar's claims that he had asserted in *Aguiar v. Natbony, et al.*, No. 09-60683-CIV-SEITZ, which have been dismissed, with prejudice. Specifically, Plaintiffs contend that Defendant is barred from pursuing his affirmative defenses relating to setoff/recoupment and unclean hands. Therefore, Plaintiffs continue, they object to discovery in furtherance of these barred claims. The undersigned, however, ruled at the conference that these claims of Defendant Aguiar were not barred to the extent Aguiar raises them as affirmative defenses in this case. Specifically, the undersigned stated that, while the Order Denying in Part and Granting in Part Motion for Reconsideration prohibited Aguiar from obtaining any affirmative relief on his claims, the Order did not bar Aguiar from asserting the substance of his barred claims as affirmative defenses against Plaintiffs' claims in this

---

[2] **Plaintiffs misidentified the request in dispute in their Notice of Hearing as No. 5, but the parties confirmed at the conference that the correct number is RFP No. 38.**

case. Therefore, Plaintiffs' objections to discovery on this basis would be overruled. In light of the undersigned's ruling, the undersigned directed the parties to confer as to what, if any, objections of Plaintiffs to Defendant's RFP remained, prior to the discovery conference on the matter set for Tuesday, April 3, 2012, at 10:00 a.m.

Therefore, upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Defendant shall produce the documents responsive to Plaintiffs' Second Request for Production, as set forth in the body of this Order, on or before Monday, April 16, 2012. It is further

**ORDERED AND ADJUDGED** that the parties shall confer regarding the status of Plaintiffs' outstanding objections to Defendant's First Request for Production, in light the undersigned's ruling with regard to Defendant's Affirmative Defenses, as set forth in the body of this Order.

**DONE AND ORDERED** in Miami, Florida, on April 2, 2012.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Patricia A. Seitz,
    U.S. District Judge
Counsel of Record