UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60136-CIV SEITZ/SIMONTON

LEOR EXPLORATION &
PRODUCTION, LLC, et al.,

    Plaintiffs,
v.

GUMA AGUIAR,

    Defendant.
_____/

### ORDER GRANTING, IN PART, THE DREWS' MOTION FOR PROTECTIVE ORDER, AND GRANTING PLAINTIFFS' MOTION TO COMPEL

This matter came before the Court on the Motion for Protective Order by Non-Parties Angelika Drew and Justin Corey Drew (DE # 619). The Plaintiffs have filed a Memorandum in Opposition to the Motion (the "Response"), along with a Cross-Motion to Overrule Angelika Drew's and Justin Corey Drew's Objections to, and Compel Compliance with, Plaintiffs' Subpoenas Duces Tecum (DE # 628). The Drews have filed no reply in support of their Motion or response to the Plaintiffs' Cross-Motion. The Honorable Patricia A. Seitz, United States District Judge, has referred all discovery in this case to the undersigned (DE # 520). For the reasons stated below, the Drews' Motion is granted, in part, and the Plaintiffs' Cross-Motion is granted.

    I.    **BACKGROUND AND PARTIES' POSITIONS**

Non-parties Angelika Drew and Justin Corey Drew (Guma Aguiar's sister and brother-in-law, respectively) filed their Motion on May 31, 2012 (DE # 619). On June 18, 2012, Plaintiffs filed their Response and Cross-Motion (DE # 627). On October 11, 2012,

the Drews' attorneys moved to withdraw from representing the Drews (DE # 697), which the Court granted on October 15, 2012 (DE # 700).[1]

The Drews move for a protective order pursuant to Fed. R. Civ. P. 45(c) and Fed. R. Civ. P. 26(c)(1) to prohibit any further deposition of them in this case. As the first basis for a protective order, the Drews assert that Plaintiffs have impermissibly served each of the Drews with a second subpoena duces tecum without leave of court. They contend that each of them has already provided a full day of testimony, totaling over ten hours (DE # 619 at 1). Relatedly, the Drews claim that they had an agreement with Plaintiffs that the Drews would only be subject to one deposition each in connection with this case and at least one other case, *Leor Exploration & Production LLC, et al. v. Angelika Aguiar, et al.*, Case No. 09-014890 CACE (02) in the General Jurisdiction Division of the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "Drews' State Court Case"), which the Drews claim was frivolously filed against them by some of the same parties to this suit (DE # 619 at 2-3). According to the Drews, the agreement with Plaintiffs' counsel included the stipulation that the Drews would be deposed only once, "absent a special situation" (DE # 619 at 3). The Drews argue that Plaintiffs' decision to depose the Drews relatively early in the federal case, before the deadline for amending pleadings, does not provide Plaintiffs a basis for a second deposition due to recently learned information, nor does any other "special situation" exist (DE # 619 at 3). As additional support for a protective order, the Drews contend that Plaintiffs also had sought a second deposition on similar bases in the Drews' State Court Case, which the court denied. Finally, the Drews argue that any second deposition

---

[1] **Counsel withdrew after these motions became ripe for disposition.**

2

should be limited to one hour for each of them, and should be limited in scope to topics not covered by their earlier testimony (DE # 619 at 7).[2]

In the Drews' Motion, they also seek a protective order with regard to the document requests contained in the respective subpoenas duces tecum.[3] The Drews argue that the requested documents are cumulative of requests made of them by Plaintiffs in 2009 (DE # 619 at 3). Specifically, the Drews assert that they have already provided almost 4500 pages of discovery, and that 16 of the 19 requests in the current subpoena overlap with the older requests, yet Plaintiffs will not accept the earlier production as satisfying the related current requests (DE # 619 at 5-6). The Drews claim that the cost of reviewing and producing documents again, and appearing for a second deposition, creates an undue burden on them. The Drews add that, if the Court finds that the Drews must respond to the requests, the relevant time period for the requests should be limited to the period of 2002 through the end of 2008. Moreover, the Drews state that the expenses incurred due to any second production or deposition should be borne by Plaintiffs (DE # 619 at 6).

In their Response, Plaintiffs acknowledge their agreement with the Drews to "try" to take only one round of depositions, but Plaintiffs point out that the agreement was not absolute; instead, it recognized the possibility that, under certain circumstances, a subsequent deposition might be justified (DE # 627 at 4-5). Along those lines, Plaintiffs state that developments since the first deposition justify a second deposition, including amended claims and newly discovered evidence. As for exceeding any rule-based time

---

[2] The Motion also requests that any secondary depositions be set for a specific date and location, but since that date has already passed, the undersigned assumes that the Drews no longer request this specific relief.

[3] The requests contained in the subpoena to each Drew are identical to the requests contained in the subpoena to the other Drew, except to the extent a request refers to the other Drew when listing parties.

limits, since the first round of depositions were taken in conjunction with two other court cases,[4] Plaintiffs conclude, this second round of depositions will not violate the Federal Rules of Civil Procedure limiting the time allotted for depositions (DE # 627 at 5 n.6).

Plaintiffs further contend that other claims of the Drews regarding a second deposition are irrelevant. In particular, Plaintiffs argue that the timing of the original deposition is irrelevant to whether a second deposition should be permitted (DE # 627 at 2, 3). In addition, regardless whether the document requests in this subpoena are similar to earlier requests (which Plaintiffs refute), Plaintiffs assert that this claim does not provide a basis for avoiding a second deposition (DE # 627 at 3).

The Plaintiffs represent that they have attempted to compromise to resolve this dispute. Specifically, the Plaintiffs state that they had agreed to accommodate the Drews date and location request, and "to the extent possible," not to cover matters addressed in the earlier depositions (DE # 627 at 5). They further agreed to limit Angelika Drew's second deposition to two hours and Corey Drew's second deposition to four hours (DE # 627 at 5). Plaintiffs, however, refuse to bear any of the Drews' expenses relating to the subpoenas, and contend that the Drews have provided no basis for shifting the expenses (DE # 627 at 5).

In response to the Drews' characterization of their State Court Case, generally, Plaintiffs refute the contention that the case was frivolous and further argue that the merits and disposition of the case are irrelevant to the discovery issues in this case (DE # 627 at 5 n.5). With regard to the Drews' argument that the state court already rejected a request for a second deposition, Plaintiffs assert that the state court considered different issues. In particular, Plaintiffs point out, while this federal case includes allegations of hacking and industrial espionage, the state court pleadings purportedly did not include

---

[4] **In addition to the Drews State Court Case, the Plaintiffs make reference to *Aguiar v. William Natbony, et al.*, Case No. 09-60683-CIV-SEITZ in this District (the "Natbony Case").**

4

these allegations. Furthermore, Plaintiffs argue that the Drews' opposition to a second deposition in the state court action was premised on Guma Aguiar's status as a non-party, which is not true in this case (DE # 627 at 4). Finally, Plaintiffs note that the state court had left open the possibility of a second deposition if additional evidence were developed with regard to the hacking/espionage issues, but that case was dismissed before Plaintiffs moved again for a second deposition (DE # 627 at 4 n.4).

The Plaintiffs also cross-move to compel production of the documents requested by the subpoenas duces tecum. With regard to the document requests, Plaintiffs generally assert that the Drews do not deny that the requested documents are relevant (DE # 627 at 6). Plaintiffs further refute that the requests are "largely the same" as the requests served in 2009 (DE # 627 at 3). Plaintiffs acknowledge that "there may be a small amount of overlap," but they contend that the list contains several specific, distinct requests that were not included in the 2009 requests (DE # 627 at 6). Plaintiffs continue that, whereas the 2009 requests sought documents pertaining solely to the Drews, the current requests seek documents relating to Guma Aguiar, Ellen Aguiar, and other individuals and entities (DE # 627 at 6-7). Plaintiffs add that they do not seek for the Drews to reproduce any documents but, instead, produce only any additional responsive documents (DE # 627 at 7). With regard to any limitation for the time period of responsive documents, Plaintiffs argue that, because requested documents could shed light on a witness's potential bias, the document requests should not be time-limited as the Drews request (DE # 627 at 7-8).

With regard to specific document requests, Plaintiffs address Nos. 11, 17 and 18 because they state that the Drews have averred in their responses to the other items that they have already produced all responsive documents (DE # 627 at 8 n.7).[5] First,

---

[5] The Plaintiffs' contention does not account for all of the document requests. Plaintiffs state that the Drews have averred that all documents have been produced with regard to

5

**Request No. 11 calls for all documents relating to personal, business or professional travel conducted by the Drews (DE # 619-7 at 12). The Drews object to this request, arguing that it calls for irrelevant documents and has been satisfied with regard to business or professional travel. The Drews further object to the request with regard to personal travel, arguing that the request seeks personal and private information (DE # 619-8 at 13-14, 32-33). Plaintiffs respond that the materials are relevant to whether Guma Aguiar inappropriately diverted company assets to family members, which the Court has found to be a relevant discovery topic. Plaintiffs further argue that responsive documents would reflect the Drews' activities while employed by Leor, and would be relevant to Guma Aguiar's denials and defenses. Finally, Plaintiffs point out that the confidentiality order in this case would address the Drews' concerns for the private nature of produced materials (DE # 627 at 10).**

**Request No. 17 calls for all documents relating to any of several surveillance activities by Guma Aguiar on the "Kaplan Targets," which is defined in the subpoena (DE # 619-7 at 12). In objecting to this request, the Drews primarily rely on their arguments set forth in their Motion, including that they have already been deposed and that a protective order regarding any second deposition has been entered in the Drews' State Court Case. Corey Drew additionally objects because he states that he has already been asked questions about "security issues." He further claims the attorney-client privilege, a joint defense protection, and a spousal privilege. Finally, the Drews state that, to the extent production is ordered, it should be limited to 2002 through the end of 2008 (DE # 619-8 at 18, 36-37). In response, Plaintiffs rely upon the arguments set forth in their**

---

**Request Nos. 1-10 and 12-14. The Plaintiffs, however, only specifically seek to compel responses to Request Nos. 11, 17 and 18. The disposition of any dispute with regard to the other requests is unclear. At any rate, because Plaintiffs do not identify any other specific requests at issue, the undersigned only addresses the three requests described in the Cross-Motion.**

Cross-Motion and further state that, if Corey Drew is claiming a privilege, he must produce a privilege log (DE # 627 at 11-12).

Finally, Request No. 18 calls for production of all documents relating to payments made to Aguiar or a related entity by the Lillian Jean Kaplan Foundation (the "LJK Foundation"), during 2002 to 2006, for any of several enumerated business and personal expenses (DE # 619-7 at 12).  The Drews object primarily on the basis of overbreadth and relevance.  Both Drews further disavow any knowledge or involvement with the LJK Foundation during the period in question (DE # 619-8 at 18-19, 37-38).  Plaintiffs respond that the requested documents are relevant because the case concerns, in part, Guma Aguiar's alleged misuse of assets from the LJK Foundation (DE # 627 at 13).

## II.     LEGAL STANDARDS

The Drews bring their Motion pursuant to Fed. R. Civ. P. 26(c)(1) and Rule 45(c).  Rule 26(c)(1) concerns protective orders, providing a means for a party from whom discovery is sought to avoid or limit production.  It states in relevant part,

> The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:  (A) forbidding the disclosure of discovery…[and] (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

Rule 45 directly addresses subpoenas.  Section (c)(1) states, "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Rule 45(c)(2)(B) adds that any order regarding the production of materials in connection with a subpoena "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."  Finally, Fed. R. Civ. P. 45(c)(3)(A)(iv) requires that a court quash or modify a subpoena when it subjects a person to undue burden.

Rule 30 governs depositions by oral examination. Specifically, Fed. R. Civ. P. 30(d)(1) states, "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Section (a)(2)(A)(ii) of Rule 30 further states, "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2)…if the deponent has already been deposed in the case." Rule 26(b)(2), in turn, provides in relevant part that the court must limit discovery if it determines that

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Courts generally require a party seeking to conduct a second deposition to demonstrate "good cause" for doing so. *See, e.g.*, *Gadsby v. Am. Golf Corp. of Cal.*, No. 2:10-CV-680-FTM-99SPC, 2012 WL 2368568, at *2 (M.D. Fla. June 21, 2012); *Home Design Servs., Inc. v. W. Gargas Constr., Inc.*, No. 3:08cv244/MCR/EMT, 2009 WL 3190462, at *3 (N.D. Fla. Oct. 1, 2009) (citing Fed. R. Civ. P. 30 2000 Amendment Advisory Committee Notes); *Kleppinger v. Tex. Dept. of Transp.*, 283 F.R.D. 330, 336 n.7 (S.D. Tex. 2012) (noting that other district courts use the "good cause" standard in this instance, citing cases from D. Utah, S.D. Ohio, and D.S.D.).

The Plaintiffs cross-move pursuant to Fed. R. Civ. P. 37 and 45 for an order overruling the Drews' objections to Plaintiffs' subpoenas duces tecum, and compelling them to appear for deposition and produce documents. Rule 37 generally permits a party

to move to compel discovery, and Rule 45(c)(2)(B)(i), more specifically, entitles the party serving a subpoena to move the court for an order compelling production.

    III.    <u>ANALYSIS</u>

        A.    <u>A Second Round of Depositions</u>

As an initial procedural matter, the Drews contend, and the Plaintiffs do not deny, that the Plaintiffs failed to obtain leave of court before serving the Drews with their second subpoenas, pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii). The Plaintiffs, instead, seek leave of court discretely in a footnote of their Response and Cross-Motion (DE # 627 at 2 n.2). The Drews, having filed no reply in support of their Motion (or a Response to the Cross-Motion), have not addressed whether Plaintiffs' request for leave is procedurally inappropriate.

While the Drews note Plaintiffs' purported failure to comply with Rule 30 as a footnote in their Motion, the Drews do not appear to seek to prohibit the second round of depositions on this basis, nor do the Drews describe any particular prejudice that has resulted by the alleged violation. Moreover, while Rule 30(a)(2) appears to contemplate a party obtaining in advance leave of court before serving a second subpoena, at least one court has found that this is not fatal to a party's efforts to conduct a second deposition. *See Christy v. Pa. Turnpike Comm'n*, 160 F.R.D. 51, 52-53 (E.D. Pa. 1995) (denying motion for protective order that argued that party failed to obtain leave of court, stating that the party seeking protection failed to demonstrate good cause to avoid a second limited deposition). As another court has concluded (under different circumstances seeking leave to depose a prisoner pursuant to Rule 30(a)), ordering a halt to this discovery to allow the Plaintiffs to move for leave of the court, "only would delay the progress of the instant litigation and would waste the time and resources of this Court and the parties." *Miller v. Bluff*, 131 F.R.D. 698, 700 (M.D. Pa. 1990). Even if the

9

**Plaintiffs were deficient in seeking leave of court at the outset, the Motion and Response have provided the parties a means for arguing the merits of a second deposition of the Drews, as would appear to be contemplated by Rule 30(a)(2)(A)(ii)'s requirement.**

**The undersigned notes, however, that the Drews should not be penalized in this analysis by having the burden of proof placed on them to demonstrate good cause to obtain a protective order when, procedurally, they should be in the position of responding to Plaintiffs' motion for leave of court. In other words, the burden of proof should rest on the Plaintiffs to demonstrate good cause for another deposition, instead of on the Drews to demonstrate good cause for a protective order. Therefore, the undersigned finds that any violation of Rule 30(a)(2)(A)(ii) by the Plaintiffs is not fatal, but, under the analysis that follows, the Court places the burden of establishing good cause on the Plaintiffs.**

**Turning to the merits of the parties' positions, for the reasons stated below, the undersigned finds that the Plaintiffs have demonstrated good cause to conduct a second round of depositions of the Drews. At the outset, the undersigned rejects the Drews' framework for considering the merits of a second round of depositions that is based upon their State Court Case. As the Plaintiffs point out, the circumstances surrounding the state court's decision to enter the protective order in favor of the Drews in that case are simply not those before this Court. The dispute in the Drews' State Court Case entailed different parties, claims, procedural posture, and governing rules, among other differences. Thus, the undersigned agrees with Plaintiffs that consideration of the State Court Case is largely irrelevant to the calculus of whether to grant leave for a second round of depositions in this case.**

**Next, the Court finds unpersuasive the Drews' argument that they have already provided a full-days' worth of testimony for this case. The parties agree that the Drews' original depositions were intended to be used for more than one case. Plaintiffs further specify, and the Drews do not refute, that the depositions were intended to be used in not only the Drews State Court Case and this federal case, but in the Natbony Case as well. Thus, while the Plaintiffs fail to establish the actual time breakdown of their earlier testimony, they have demonstrated that the earlier testimony likely includes testimony relevant to multiple cases.**

**Addressing the Drews' principal arguments, and the Plaintiffs' basis for good cause, the undersigned rejects the Drews' claim that a second round of depositions is prohibited by the parties' agreement for one round of depositions. The Drews do not refute that much has transpired in this case since their original depositions. They, instead, focus on Plaintiffs' decision to depose them relatively early in the case. In essence, the Drews appear to argue that, while a range of issues may have emerged and evolved, Plaintiffs must live with their decision to depose the Drews in this case's early stages.**

**This position, however, is inconsistent with their agreement regarding depositions, which does not appear to base the determination of a second deposition on the timing of the first. By its own terms, the agreement is not categorical, allowing for additional deposition in a "special situation," with no further guidance as to what constitutes a "special situation." In fact, in the same paragraph constituting the agreement, Plaintiffs make clear the right to seek an exception by immediately arguing for a second deposition of Guma Aguiar (DE # 619-3 at 2). Thus, the parties' intent for there to be an exception embodied in the agreement is evident, while the parameters of this exception are unclear. The Drews' position also appears irrelevant to Rule 30's consideration of whether**

11

good cause has been demonstrated for a second deposition. While the timing of a first and second deposition may factor into a court's analysis, the Drews provide no authority for the proposition that good cause cannot be established where a party has made the decision to take a deposition early in a case.

With the burden of establishing good cause, while Plaintiffs generally identify developments in this case that justify a second round of depositions, they fail to detail at length the extent of these developments that constitute good cause or that form a basis for a "special situation" to re-depose the Drews. Nonetheless, the Drews do not refute that they may have additional relevant testimony, instead, taking issue with the deposition's timing. Moreover, upon a general review of the record as a whole, including the over 600 docket entries describing the last three years of twists and turns in this case's litigation since the Drews' first round of depositions, the undersigned agrees with the Plaintiffs that good cause exists for re-deposing the Drews because the Drews reasonably may be able to provide relevant testimony as to some of the issues that have developed since their depositions.

The undersigned, thus, turns to the appropriate scope of a second deposition. Courts weigh the burden imposed on a non-party by discovery differently than that on a party. *See United Techs. Corp. v. Mazer*, No. 05-80980-CIV-RYSKAMP, 2007 WL 788877, at *1 (S.D. Fla. Mar. 14, 2007). As the Drews admit, however, they are "not typical non-parties" (DE # 619 at 2). As discussed above, the Drews had been named defendants in a related state court action. Moreover, as Guma Aguiar's family members in a suit where Plaintiffs have accused Aguiar of, among other improprieties, improperly redirecting corporate assets to his family members, information they possess could be highly relevant to the parties' claims and defenses.

12

**Nonetheless, the undersigned is mindful of guarding against any undue burden on a non-party pursuant to Rule 45, and to avoid cumulative or duplicative discovery. In this respect, however, the undersigned notes that Plaintiffs have offered to alleviate some of the burden placed on the Drews by these subpoenas. Specifically, Plaintiffs have agreed to limit questioning to matters not addressed in the earlier depositions, and to impose a time limit on any second deposition. Thus, the undersigned finds good cause for the Plaintiffs to conduct a second round of depositions but also finds appropriate a limit on the scope and duration of these depositions, consistent with this Order. Specifically, the scope of the second depositions of the Drews shall each be limited to matters not explored in their respective first depositions. Moreover, the second deposition of Justin Corey Drew shall be limited to three hours, and the second deposition of Angelika Drew shall be limited to two hours.**

**Finally, upon a review of the Motion and Response, and a review of the record as a whole, the undersigned further agrees with Plaintiffs that cost-shifting is inappropriate under these circumstances. As stated above, while the undersigned must protect a non-party against undue burden or expense, the undersigned finds that, in limiting the scope and extent of these depositions, and given the good cause demonstrated for conducting additional depositions, the Drews' expenses related to these depositions should not be shifted to the Plaintiffs.**

        B.    <u>**Subpoena Duces Tecum Document Requests**</u>

           1.    <u>**The Requests, Generally**</u>

**The Plaintiffs and the Drews also dispute the Drews' obligation to produce documents in response to the subpoenas duces tecum. The Drews complain that they have already produced thousands of pages of documents in response to the**

2009 requests, and that the majority of the current requests are duplicative of those earlier requests. They argue that reviewing and producing the same documents again creates an undue burden and expense, which should be shifted to Plaintiffs. To the extent the Court orders production, the Drews add, the relevant time period for requested documents should be 2002 through the end of 2008.

The Plaintiffs address this dispute through their Cross-Motion, which seeks to compel production of documents in response to these requests. The Plaintiffs' Cross-Motion describes a narrower dispute than that described in the Drews' Motion. First, the Plaintiffs only identify three requests that are still at issue – Nos. 11, 17, and 18. Second, the Plaintiffs state that they do not wish for the Drews to produce again documents already produced; Plaintiffs, instead, seek only the production of any responsive documents not provided in the earlier production (to the extent the requests overlap).

Thus, the analysis turns to whether the Plaintiffs provide a basis for compelling production in response to the three document requests. At the outset, the undersigned notes that the Drews do not address any specific requests in their Motion but, instead, argue generally that the requests are duplicative and create an undue burden. In Response through their Cross-Motion, Plaintiffs address these general concerns by limiting the number of requests at issue and stating that, to the extent the current requests overlap with earlier requests, they only seek documents not produced before. The Drews, however, fail to file any response to the Cross-Motion, nor do they file any reply in support of their Motion, which may have addressed the Plaintiffs' points. Thus, the Drews have only provided general arguments for the Court to consider, which fail to specify the

undue burden, expense, or duplicative production in the context of a specific request.

## 2. Request No. 11

Turning to the merits of the specific requests, after a review of the record as a whole, and for the reasons stated below, the undersigned finds compelling production in response to all three requests appropriate. First, with respect to Request No. 11, the Drews' primary objections concern relevancy and privacy interests implicated by the request for records of personal travel. With regard to relevancy, as stated in the Order Denying Ellen Aguiar's Motion to Quash or for Protective Order and Granting Plaintiffs' Cross-Motion to Overrule Objections (DE # 610), requests calling for documents that could reasonably lead to information concerning potential witness bias or "Plaintiffs' claims that Defendant was improperly siphoning off Leor assets for his own personal gain or that of his family and friends" are proper requests (DE # 610 at 7). While the earlier Order directed to Ellen Aguiar's objections did not directly address this request (although it was part of a very similar set of requests), the analysis holds true; records of the personal travel of the Drews could reasonably lead to evidence of their potential bias and whether Guma Aguiar improperly redirected Leor-related assets to them as family members. In addition, similar to the dispute with Ellen Aguiar, the Drews do not refute the Plaintiffs' claim that any privacy interests are addressed by the Agreed Protective Order Governing Confidentiality and Privilege (DE # 86). Thus, the Drews' privacy arguments are not well-taken.

Finally, with respect to the Drews' request to limit the relevant time period to the end of 2008 for this request, the Drews' basis for this argument appears to be that the Drews and Guma Aguiar no longer worked for Leor or a related company after 2008. While this argument might address the production of

records of professional or business travel, the only issue remaining in dispute with regard to No. 11 is the Drews' personal travel. Moreover, because the Drews have not responded to the Cross-Motion, their basis for limiting the time period is unclear. Therefore, the time period of relevant documents shall not be limited, but shall be through the present, as sought in the document request, which shall be through the date of this Order. However, since the only relevance of such travel after 2008 appears to be for the purpose of establishing bias, the records are limited to travel that in any way was paid for, or reimbursed by Guma or Ellen Aguiar, or in any way involved Guma or Ellen Aguiar or property owned by either Guma or Ellen Aguiar. Plaintiffs have not established the same financial connection between the Drews and Guma Aguiar as was established between Ellen and Guma Aguiar; thus, a more limited production is warranted.

### 3. Request No. 17

With regard to Request No. 17, the Drews' objections differ slightly from one another. In responding to this request relating to "Surveillance," Angelika Drew simply relies on the arguments made in the Drews' Motion, including that Judge Bowman in the State Court Case has already entered a protective order, and that Ms. Drew should not be burdened with a second production. Justin Corey Drew's objections echo those of Angelika Drew, and he adds an assertion of the attorney-client, joint defense, and spousal privileges.

First, as stated above, the undersigned find unpersuasive the general arguments against a second deposition and document production as presented in the Drews' Motion. Second, to the extent Corey Drew wishes to assert a privilege, he shall create a privilege log in compliance with the applicable procedural rules. Finally, with regard to cutting off the time period of responsive documents at 2008, the Drews have failed to present any argument with respect to this request

as to why such a limitation is appropriate. Therefore, the Plaintiffs Cross-Motion with respect to this request is granted, and the relevant time period shall be through the date of this Order. Justin Corey Drew shall prepare and produce simultaneously with the requested documents a privilege log if he withholds any document based upon a privilege.

### 4. Request No. 18

Finally, with regard to Request No. 18, the Drews' objections primarily concern overbreadth and relevance, but the extent of these objections is unclear. With regard to overbreadth, the objection does not make clear whether the Drews are asserting that the time period or the scope of the requests is overbroad. Similarly, the basis for the claim of irrelevancy is unclear. The undersigned agrees with Plaintiffs, however, that Guma Aguiar's alleged use (or misuse) of LJK Foundation funds is part of Plaintiffs' allegations, and documents responsive to this request could reasonably lead to admissible evidence regarding these allegations. Again, because the Drews have chosen not to offer any greater detail in their Motion, or further address this specific request in a response to the Plaintiffs' Cross-Motion, the Drews fail to provide a basis for avoiding production. Thus, the Plaintiffs' motion to compel production with respect to this request is granted, and the relevant time period shall not be limited, as requested by the Drews.

### IV. CONCLUSION

Therefore, upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that the Motion for Protective Order by Non-Parties Angelika Drew and Justin Corey Drew (DE # 619) is **GRANTED, IN PART**, as set forth in the body of this Order. The deposition of Angelika Drew shall be

limited to two hours, and the deposition of Justin Corey Drew shall be limited to three hours.  These depositions shall take place on or before January 31, 2013.  It is further

**ORDERED AND ADJUDGED** that the Plaintiffs' Cross-Motion to Overrule Angelika Drew's and Justin Corey Drew's Objections to, and Compel Compliance with, Plaintiffs' Subpoenas Duces Tecum (DE # 628) is **GRANTED**.  The Drews shall serve their responses to the requests described in this Order on or before January 24, 2013, and shall simultaneously serve any privilege log.

**DONE AND ORDERED** in Miami, Florida, on January 2, 3013.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**

The Honorable Patricia A. Seitz,
    United States District Judge
Counsel of Record